IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| OLIVER HENRY, | § | |
| | § | |
| Defendant Below, | § | No. 354, 2024 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N2301001270 |
| | § | |
| Appellee. | § | |

Submitted: March 10, 2025
Decided:   March 13, 2025

Before **SEITZ,** Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)   The appellant, Oliver Henry, pleaded guilty to the second-degree murder of Jordan Ellerbe, as a lesser-included offense of first-degree murder. In connection with the guilty plea, the State dismissed three counts of attempted first-degree murder relating to other victims. The State also agreed to recommend a sentence of no more than twenty years at Level V. After considering the report of a presentence investigation and hearing at length from the State, Ellerbe's mother,

defense counsel, and Henry, the Superior Court sentenced Henry to fifty years of imprisonment, suspended after twenty years for decreasing levels of supervision.

(2) In this direct appeal, Henry's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a conscientious review of the record and the law, the appeal is wholly without merit. In his statement filed under Rule 26(c), counsel indicates that he informed Henry of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Henry of his right to submit points he wanted this Court to consider on appeal. Henry has not submitted any issues for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

---

[1] *Penson v. Ohio*, 488 U.S. 75, 82-83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Penson*, 488 U.S. at 82.

(4) The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Henry could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice

3